UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHRISTOPHER B., )
 )
        Plaintiff )
 )
v. ) No. 1:18-cv-00343-DBH
 )
ANDREW M. SAUL, )
Commissioner of Social Security,[1] )
 )
        Defendant )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of returning to past relevant work as a cashier and, in the alternative, performing work existing in significant numbers in the national economy. The plaintiff seeks remand on several bases, including that the ALJ ignored the unanimous and uncontradicted finding of several treating physicians that he would be off-task for at least 15 percent of the workday – a limitation that a vocational expert ("VE") testified would preclude all work. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 7-14. I agree that remand is warranted on this basis and, accordingly, need not and do not reach the plaintiff's remaining arguments.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2016, Finding 1, Record at 13; that he had the severe impairments of respiratory disorder/chronic obstructive pulmonary disorder ("COPD"), Finding 3, *id*. at 13; that he had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations: he could frequently climb ramps and stairs and reach with his right upper extremity, could not climb ladders, ropes, and scaffolds, and should avoid unprotected heights and exposure to concentrated levels of extreme heat and cold, fumes, odors, dust, and gases, Finding 5, *id*. at 16; that he was capable of performing past relevant work as a cashier, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id*. at 20; that, in the alternative, considering his age (44 years old, defined as a younger individual, on his alleged disability onset date, August 31, 2011, and subsequently changing age categories to closely approaching advanced age), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were other jobs existing in significant numbers in the national economy that he could perform, *id*. at 20-21; and that he, therefore, had not been disabled from August 31, 2011, his alleged onset date of disability, through the date of the decision, December 27, 2017, Finding 7, *id*. at 22. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of*

*Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

In the alternative, the ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The record before the ALJ contained medical source statements from three of the plaintiff's treating physicians addressing the question of whether he could be expected to be off-task during a workday. On January 24, 2013, Nancy T. O'Neill, M.D., checked a box indicating that the plaintiff's pain was severe enough during a typical workday to interfere occasionally with the attention and concentration needed to perform even simple tasks, with the term "occasionally"

3

defined to mean "6% to 33% of an 8-hour working day[.]" Record at 579. On October 26, 2016, Atul Soreng, M.D., answered "yes" to the question of whether it was "medically reasonable to expect that [the plaintiff's] ability to maintain attention and concentration on work tasks throughout an 8 hour day is significantly impaired [due to] pain, prescribed medication or other factors such that [he] is likely to be off task even 15 to 20% of an 8 hour work day[,]" explaining, "Patient's ability to maintain attention and concentration is likely affected by pain." *Id*. at 545. On December 21, 2016, Ganesha Santhyadka, M.D., answered "yes" to the same question. *Id*. at 549.

The ALJ asked the VE present at the plaintiff's hearing whether a person who, *inter alia*, was "off task more than 15 percent of an eight-hour work day" would be precluded from working even at the sedentary level. *See id*. at 57. The VE responded that "if an individual were off task for ten percent of the time or more on an ongoing basis, . . . [t]hat in and of itself would preclude all work." *Id*. at 57-58.

In his decision, the ALJ addressed the Soreng, Santhyadka, and O'Neill opinions, giving "little weight" to that of Dr. Soreng and "limited weight" to those of Drs. Santhyadka and O'Neill. *Id*. at 18-19. However, he neither mentioned their findings that the plaintiff likely would be off-task for more than 15 percent of the workday, discussed the plaintiff's ability to stay on task, nor mentioned the above-quoted VE testimony. *See id*. at 13-22.[3]

The plaintiff contends that this omission requires remand, citing, *inter alia*, *Peak v. Colvin*, No. 2:15-cv-67-JHR, 2015 WL 7681256, at *5 (D. Me. Nov. 24, 2015), and *Golembiewski v.*

---

[3] The ALJ noted that (i) Dr. Soreng "submitted a medical source statement describing substantial physical functional limitations[,]" opined that the plaintiff could "perform a reduced range of sedentary work" and needed to "periodically alternate sitting and standing to relieve pain and discomfort[,]" and "also assessed significant postural and manipulative limitations[,]" Record at 18, (ii) Dr. Santhyadka "also submitted a medical source statement describing substantial functional limitations[,]" opining "that the [plaintiff] is limited to sedentary work with a need to
(*continued on next page*)

*Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003), for the proposition that it is reversible error for an ALJ to ignore material medical opinion evidence. *See* Statement of Errors at 8.

The commissioner rejoins that this court has made clear that an ALJ need not address every finding or conclusion of a treating source and that it will not disturb an ALJ's decision to reject even a treating physician's opinion so long as his or her reasons for doing so are adequately stated. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 17) at 8-9 (citing *Bisbee v. Colvin*, No. 2:13-CV-95-GZS, 2014 WL 294495, at *6 (D. Me. Jan 27, 2014), *O'Neill-Beal v. Colvin*, No. 1:12-cv-399-GZS, 2013 WL 5941070, at *2-3 (D. Me. Nov. 5, 2013), and *Evans v. Colvin*, No. 1:12-cv-211-DBH, 2013 WL 1632644, at *3 (D. Me. Mar. 28, 2013) (rec. dec., *aff'd* Apr. 16, 2013)). He asserts that the ALJ satisfied that standard here, articulating reasons for assigning little or limited weight to the Soreng and Santhyadka opinions for reasons that pertained to the off-task limitation, although he did not expressly mention it. *See id*. at 8-11. He adds that the ALJ properly discounted the O'Neill opinion on the basis that it pertained to an "administratively final" period. *See id*. at 12.

The plaintiff has the better argument. In *Peak*, this court found reversible error in an ALJ's failure to address a "later, more detailed set of opinions" by a treating source, rejecting the commissioner's argument that the ALJ would have rejected those opinions for the same reasons

---

periodically alternate between sitting and standing[,]" *id*. at 19, and (iii) Dr. O'Neill "similarly opined that the [plaintiff] had substantial limitations such that he could stand and/or walk only one hour per day and sit only one hour per day" and "would be absent from work about four days per month[,]" *id*. (citation omitted). The ALJ explained that he gave little, or limited, weight to the Soreng and Santhyadka opinions because, "[d]espite the treatment relationship," the underlying treatment records, including results of diagnostic tests and objective findings on examination, did not support their conclusions, and both had provided an unpersuasive "minimal narrative rationale[.]" *Id*. at 18-19. He gave the O'Neill opinion, as well as other opinion evidence not relevant here that had been submitted in connection with a prior benefits application, "limited weight given the remoteness of the evaluations, conclusions, and underlying evidence" and the fact that the adverse decision on the plaintiff's prior application was "administratively final." *Id*. at 19.

5

he had properly rejected the same source's earlier function report. *Peak*, 2015 WL 7681256, at *5. The court noted that the two documents were "quite distinct[,]" with the later document providing more specific information and referring less to the claimant's self-reports. *Id*. It concluded that the ALJ's error in failing to address the "later, more detailed opinions is not harmless, because some of those opinions are inconsistent with the RFC assigned to the [claimant] by the [ALJ] and would, if adopted, change the outcome of her claim." *Id*. (citing *Golembiewski*, 322 F.3d at 917). In turn, the cited portion of *Golembiewski* holds, in relevant part:

> [A]lthough the ALJ need not discuss every piece of evidence in the record, [he or she] may not ignore an entire line of evidence that is contrary to the ruling. Otherwise, it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence.

*Golembiewski*, 322 F.3d at 917 (internal citations omitted).

In this case, as well, the ALJ ignored an entire, material line of evidence: that concerning the plaintiff's ability to stay on task. While, as the commissioner argues, *see* Opposition at 9-11, certain of the ALJ's rationales for discounting the Soreng and Santhyadka opinions *could* be applied to those treating physicians' assessment of a significant off-task limitation, the ALJ did not make clear that he considered the off-task limitation, let alone discounted it for those or other reasons. Indeed, his articulation of rationales for rejecting Drs. Soreng's and Santhyadka's exertional, postural, and/or manipulative limitations renders his omission to discuss the off-task limitation conspicuous by its absence. *See* Record at 18-19.[4]

The cases on which the commissioner relies – *Bisbee*, *O'Neill-Beal*, and *Evans* – are distinguishable in that none turned on an ALJ's failure to address a specific, material limitation assessed by a treating physician. *Compare Bisbee,* 2014 WL 294495, at *6 (ALJ's failure to

---

[4] For purposes of this decision, I need not and do not consider whether the fact that the O'Neill opinion pertained to a previously adjudicated period was a proper reason to reject it.

6

address treating physician's "limitation for no prolonged sitting or standing greater than one hour" not reversible error when ALJ had noted that the treating physician had deemed the claimant capable of performing light exertional work with some postural limitations, and sitting and standing are postural limitations) (internal quotation marks omitted); *O'Neill-Beal*, 2013 WL 5941070, at *2-3 (ALJ's failure to discuss treating physician's assessment of specific limitations in carrying, standing, sitting, pushing, pulling, climbing, and reaching not reversible error when ALJ supportably deemed medical evidence inconsistent with treating physician's opinion that claimant was "limited to less than sedentary work") (citation and internal quotation marks omitted); *Evans*, 2013 WL 1632644, at *3-4 (ALJ's failure to discuss claimant's self-reported symptoms not reversible error when this court had previously held that an ALJ need not address each of the physical limitations assessed by a physician's assistant, and there was "no reason why the limitations reported by a claimant should be entitled to more attention[,]" particularly when claimant "cite[d] no evidence from a treating professional translating her self-reports into functional limitations").

"The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (internal citations omitted). While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g., Holli A.G. v. Berryhill*, No. 1:18-cv-00077-JHR, 2019 WL 1431221, at *2 (D. Me. Mar. 29, 2019) (remand

warranted when ALJ ignored opinion of agency examining consultant that would have precluded claimant from performing sedentary work).

Because, in this case, the ALJ did not make clear that he even considered the assessment by three treating sources of an off-task limitation that would preclude all work, I conclude, and recommend the court find, that reversal and remand are required.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED,** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of November, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge